█   MARY FLAMHOLZ, as Administratrix of the Estate of ALLEN FLAMHOLZ, Deceased, et al., Appellants, v. MASE ELECTRIC, INC., et al., Respondents.— Judgment, Supreme Court, New York County, entered February 28, 1973, dismissing complaint of plaintiffs-appellants Flamholz and plaintiff-appellant Cole against defendants-respondents Masone and Mase Electric, Inc., unanimously reversed, on the law, to the extent appealed from, and the case remanded for trial anew as to the causes of action only set forth in the complaint so dismissed, with $60 costs and disbursements of this appeal to abide the event. A two-car collision resulted in actions by each driver against the other, with the usual inclusion of owners, and a derivative cause asserted by a spouse. A consolidated trial took place in which the Flamholz side took the role of defendant and the other side that of plaintiff. Driver Flamholz had died from causes unrelated to the case and had never been deposed, while driver Masone did not testify by reason of amnesia suffered as a sequel of the accident. Apparently evaluating the strength of the case for Flamholz as opposed to whether a prima facie case had been made out, the Trial Justice dismissed Flamholz' case as plaintiff at the end of all the evidence, but permitted Masone's case as plaintiff to go to the jury. The verdict was for Flamholz as defendant, i.e., against Masone. Only Flamholz appeals. Flamholz' plaintiff's case should have been permitted to go to the jury. In so concluding, we do not consider that Flamholz was effectually exculpated by the jury's verdict. Based strictly on the evidence alone, viewed in its best aspect, sufficient was present in the form of testimony as to position of the cars and distribution of the debris to have sustained a finding by the jury that Masone had been negligent. (See *Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132; *Cameron* v. *Dooley*, 18 A D 2d 130.) The overwhelming weight of evidence was not to the contrary, and the triers of the fact should have been permitted to evaluate the case. We therefore reverse to the extent appealed from, and remand. Concur — Markewich, J. P., Nunez, Kupferman, Lane and Tilzer, JJ.